PER CURIAM.
 

 Elbert Haney seeks review of an order that denied his rule 3.850 motion, following
 
 *1181
 
 this court’s remand.
 
 See Haney v. State,
 
 987 So.2d 234 (Fla. 4th DCA 2008). In that case we concluded that Haney’s motion was not successive, and that any reference by this court to treatment of a prior case as a rule 3.850 appeal was inadvertent.
 
 See id.
 
 at 234. The case was remanded for further review of the motion.
 

 Following remand, the claims were not considered. Rather, challenges to the timeliness of the motion were made, with related arguments that the claims were not based on newly discovered evidence.
 

 As the motion was timely filed, we remand once again. On remand, the sufficiency of the motion and its specific claims are to be reviewed in light of the standard for determining whether an evidentiary hearing is required in a post-conviction proceeding. The trial court is to examine each claim to determine if it is legally sufficient, and, if so, determine whether it is refuted by the record.
 
 See, e.g., Williamson v. State,
 
 994 So.2d 1000, 1006 (Fla.2008) (citing
 
 Freeman v. State,
 
 761 So.2d 1055, 1061 (Fla.2000)).
 

 Reversed and remanded.
 

 STEVENSON, TAYLOR and MAY, JJ., concur.